**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2240
_____

QUINTEZ TALLEY,
                                          Appellant

v.

PA DEPARTMENT OF CORRECTIONS; SECRETARY JOHN WETZEL; OFFICE OF
CHIEF COUNSEL; GOVERNOR TOM WOLF; WARDEN MARK CAPOZZA;
SCOTT NICKELSON; RENE ADAMS; SHELLEY MANKEY; J. TREMPUS; CAPT.
WESLEY TIFT; CAPT. SALVAY; PAUL AURANDT; MIKE OPPMAN; RHONDA
HOUSE; LT. COLLINS; LT. WOODS; LT. JOHNS; DORINA VARNER; SCI-
FAYETTE'S MAILROOM; SCI-FAYETTE'S SECURITY DEPT.; LT. BURTON;
SECRETARY OF INMATE GRIEVANCES AND APPEALS; TRICIA SILBAUGH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00308)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 15, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 19, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner Quintez Talley, a frequent pro se litigant in the federal courts, appeals from the decision of the United States District Court for the Western District of Pennsylvania ("the WDPA") dismissing his second amended complaint ("SAC") for failure to state a claim upon which relief may be granted. For the reasons that follow, we will affirm that judgment.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Talley's SAC (the operative pleading in this case) was brought against, among others, the Pennsylvania Department of Corrections ("DOC") and various DOC officials. The allegations in the SAC stemmed from a nine-day prison lockdown that the DOC had implemented to curb the introduction of contraband into its prisons. The lockdown "halt[ed] both incoming and outgoing mail" during that nine-day period. W.D. Pa. Dkt. No. 35, at 7. As a result of this temporary mail freeze, there was a delay in the mailing of a legal filing that Talley had prepared for one of his other cases — Case No. 3:15-cv-01170 ("Case 1170") in the United States District Court for the Middle District of Pennsylvania ("the MDPA"). Talley's prison mailed that filing right after the lockdown ended. But by the time that filing arrived at the MDPA a few days later, the MDPA had, in the interim, adopted a United States Magistrate Judge's report recommending that the MDPA dismiss what remained of Case

2

1170 for failure to prosecute.[1] In view of all this, Talley's SAC in his WDPA case alleged claims under the United States Constitution, as well as under federal and state law. The SAC sought, inter alia, over $2 million in damages.

The defendants moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A United States Magistrate Judge subsequently issued a report recommending that the WDPA grant that motion and dismiss the case without affording Talley further leave to amend. Talley objected to the report, but the WDPA overruled those objections, adopted the report, granted the defendants' motion, and dismissed the case. In doing so, the WDPA indicated that it was declining to exercise supplemental jurisdiction over Talley's state-law claims. This timely appeal followed.[2]

## II.

At the heart of the SAC is Talley's claim alleging that the temporary mail freeze infringed upon his right to access the courts — a right that arises from the First and

---

[1] At the time of dismissal, only one defendant remained in Case 1170 (the other defendants in that case had previously settled with Talley). Talley eventually appealed from the MDPA's dismissal of Case 1170. But he filed that appeal more than *three-and-a-half years* after the MPDA's dismissal order, see Fed. R. App. P. 4(a)(1) (setting a 30-day appeal deadline in a case like that one), and he ultimately elected to voluntarily dismiss that appeal, see Talley v. Wetzel, C.A. No. 22-2052.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). And we may affirm such a decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Fourteenth Amendments.  See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam).  To state an access-to-the-courts claim, a plaintiff must allege facts demonstrating that, as a result of the defendants' actions, he (1) "lost a chance to pursue a nonfrivolous or arguable underlying claim," and (2) he has "no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Rivera v. Monko, 37 F.4th 909, 915 (3d Cir. 2022) (internal quotation marks and citation omitted).

Talley failed to make this showing.  As explained in the Magistrate Judge's report, which the WDPA adopted, Case 1170 "was dismissed not because of any impediment which may have occurred as a result of the mail suspension, but because [Talley] refused to follow Court Orders."  W.D. Pa. Dkt. No. 39, at 7.  The public docket for Case 1170 reflects that, on multiple occasions over the course of about a year, it was explained to Talley that his failure to file a third amended complaint in Case 1170 could result in that case being dismissed.  See M.D. Pa. Dkt. Nos. 94, 96, and 107.  Nevertheless, Talley did not submit a third amended complaint in that case.  And nothing in his filing that was delayed due to the mail freeze indicated that he had intended to submit a third amended complaint.[3]  Accordingly, we see no reason to disturb the WDPA's dismissal of Talley's access-to-the-courts claim.

---

[3] Talley's delayed filing objected to the Magistrate Judge's report recommending the dismissal of Case 1170 for failure to prosecute.  But in that filing, Talley stated that he "has chosen not to [a]mend his Complaint."  M.D. Pa. Dkt. No. 111, at 3.

To the extent that the SAC included a separate First Amendment claim alleging a violation of Talley's right to freedom of speech, he did not allege facts demonstrating that the temporary mail freeze — a freeze that briefly delayed one piece of his outgoing mail — ran afoul of that right.[4] Cf. Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995) ("We decline to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship . . . ."), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."). Furthermore, to the extent that the SAC otherwise sought relief under the Constitution or federal law based on the temporary mail freeze at issue here, we see no viable claim. And since all of Talley's constitutional and federal claims were subject to dismissal, it was appropriate for the WDPA to decline to exercise supplemental jurisdiction over his state-law claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

In view of the above, we will affirm the WDPA's judgment.[5] To the extent that Talley seeks any other relief in this case, that relief is denied.

---

[4] To the extent that Talley's First Amendment claim concerned the temporary freeze's effect on his *incoming* mail, he has voluntarily withdrawn that part of this claim. See Talley's Br. 18 n.8.

[5] Defendants' appellate brief argues that some of them are shielded from Talley's claims by the Eleventh Amendment. We need not, and do not, reach that argument. See Bowers v. NCAA, 346 F.3d 402, 418 (3d Cir. 2003) ("[A] court may reserve judgment on Eleventh Amendment issues even when advanced by a state where it can resolve the case on other grounds and the prevailing party on the merits would be the same as the prevailing party if immunity were recognized.").